HATTIE G. FRANKEL, Appellant, v. THE FARMERS' LOAN AND TRUST COMPANY and HATTIE G. FRANKEL, as Executors of and Trustees under the Last Will and Testament of SIMON FRANKEL, Deceased, and Others, Respondents, Impleaded with CHARLOTTE ROSENBAUM, Appellant.

(*Supreme Court, Appellate Division, First Department, July* 9, 1915.)

WILL—TRUST—INCOME FROM LEASEHOLD—DISTRIBUTION OF PROCEEDS OF SALE OF LEASEHOLD.

Immediately after a decision by the Court of Appeals holding that the rule by which testamentary trustees are required to exercise a power of sale and to convert wasting securities was not applicable to the will of the testator, and that the executors and trustees were neither required to sell a certain leasehold owned by the testator, nor to make any deductions from the rentals to accumulate a fund to make good the capital invested in the leasehold at the expiration thereof for the benefit of the remaindermen, and that the life tenants, the testator's widow and daughter, were respectively entitled for their respective lives to receive the entire net rentals from the leasehold for the balance of the term of the lease, the leasehold was sold by trustees under a discretionary power with the consent of the widow. The provisions of the will manifested a clear intent on the part of the testator that his widow and daughter should

enjoy the residuary estate held in trust, including the leasehold, to the fullest extent. ·

In an action by the widow, *held*, that the power of sale could be exercised only for the benefit of the life tenants, and that the proceeds of the sale should be deemed to be held in the place of the leasehold;

That the life tenants should receive no more than they would have received if the leasehold had not been sold, and that at most only the rental should be paid, first from the income and then from the principal, and that after the expiration of the term of the leasehold if either life tenant be living, she should be confined to the income of the remaining proceeds of the sale.

SEPARATE APPEALS by the plaintiff, Hattie G. Frankel, and the defendant, Charlotte Rosenbaum, from a judgment of the Supreme Court in favor of certain of the defendants, entered in the office of the clerk of the county of New York on the 18th day of August, 1914, upon a decision of the court after a trial at the New York Special Term.

Moses J. Stroock (E. F. Spitz with him on the brief), for the plaintiff, appellant.

Mark G. Holstein, guardian *ad litem,* for the appellant Charlotte Rosenbaum.

Frederick Geller, for the respondent Farmers' Loan and Trust Company.

LAUGHLIN, J.—The plaintiff is the widow of Simon Frankel, who died on the 17th day of May, 1911, leaving a last will and testament in and by which he appointed his widow and the Farmers' Loan and Trust Company executors and trustees. The testator owned, among other property, a leasehold of the premises No. 420 Fifth avenue, borough of Manhattan, New York, which expires on the 1st day of May, 1920.   The executors and trustees on the 3d day of November, 1913, sold the unexpired term of this leasehold for $100,000.   In a former

action brought by the plaintiff individually and as executrix and trustee against the Farmers' Loan and Trust Company and others for the construction of the will, it was decided, among other things, that the rule by which trustees are required to exercise the power of sale and to convert wasting securities was not applicable to the construction of the will of the testator, and that the executors and trustees were neither required to sell this and other leaseholds owned by the testator, nor to make any deduction from the rentals to accumulate a fund to make good the capital invested in the leaseholds at the expiration thereof for the benefit of the remaindermen, and that the appellants were respectively entitled in succession for their respective lives to receive the entire net rentals received from the leasholds for the balance of the terms of said leaseholds.   (Frankel v. Farmers' Loan & Trust Company, 152 App. Div. 58; affd. on opinion below, 209 N. Y. 553.)

Immediately after the decision of the Court of Appeals in the former action this leasehold was sold, and the trust company which holds the fund insisted that the life tenant was entitled only to the net income on the proceeds of the sale. The plaintiff thereupon brought this action to have it adjudicated, in effect, that the proceeds of the sale of the leasehold stand in place of the leasehold, and that the life tenants are entitled to the same semi-annual income therefrom as had been received prior to the sale, either until the entire fund is exhausted or, at least, until the termination of the period for which the leasehold ran.

It is contended by the appellants that the former decision, which expressly adjudicated that they were entitled to the net rentals from the leasehold for the balance of the term, is *res adjudicata* that they are entitled to the *same income* from the proceeds of the sale.   It is not contended that the former decision constitutes an adjudication that the executors and trustees could not exercise the discretionary power of sale con-

ferred upon them by the 10th clause of the will with respect to changing investments of the residuary estate; but it is contended by appellants that when that power was exercised it was subject to their rights as adjudicated by the former decision. It is not contended, and in view of the former decision could not well be claimed, that the executors and trustees were required to sell the leasehold, for it was expressly adjudicated that they were not so required; but it is contended on the part of the trust company that inasmuch as the leasehold had not been sold when the former decision was made, it should not be deemed an adjudication with respect to the rights of the appellants in and to the proceeds of the sale of the leasehold in the event of such sale in the exercise of the discretionary power conferred by the will upon the executors and trustees. Technically, I think the trust company is right in its contention that the *pleadings* in the former action did not present that question for decision. It is evident, however, from the opinion of this court on the appeal in the former action that the question was deemed presented, and that in the opinion of the court the power of sale if exercised at all with respect to the leaseholds could be exercised only for the benefit of the appellants and not for the benefit of the remaindermen. It is stated in the opinion of the court written by Mr. Justice Scott that one of the questions presented for decision was " whether the plaintiff, and her daughter after her decease, are entitled to insist that the leaseholds be retained as a part of the trust estate, and that they in turn receive the net income therefrom." The material provisions of the will are stated in the former opinion of this court, and it appears therefrom that the testator conferred upon his widow authority to require the executors and trustees to pay over any part or all of the residuary estate to his daughter, which clearly shows that the provisions by which he disposed of any remainder that might be left were secondary considerations to his primary interest in his

widow and daughter. Our opinion in the former action shows that we construed the will as manifesting a clear intent on the part of the testator that his widow and daughter should enjoy the residuary estate to the fullest extent, and although the will did not in express terms provide that they should have the net income from the leasehold, we decided the case upon the theory that the rule applicable to bequests of the income of specific securities was applicable. That rule is well stated in Lord v. Godfrey (4 Madd. 455), wherein it was held that with respect to such bequests a discretionary power to executors and trustees to sell securities is deemed to have been conferred in furtherance and not in derogation of the rights of the life tenant. In that case Sir JOHN LEACH, vice-chancellor, said: " It would, I think, be too much to intend that the Testator meant to authorize the Trustees at their pleasure, to diminish the Gift he had before made to his Wife. Such a Power is given to Trustees with a view to the Security of the Property, and not with a view to vary or affect the relative Rights of the Legatees."

In the former action the trust company requested conclusions of law to the effect that the leaseholds " were not bequeathed or devised *in specie* " to the trustees named in the will, and that they were invested with discretionary power to sell them. These requests were refused. The points filed by the trust company in this court and in the Court of Appeals in that action show that it understood the decision as holding that the executors and trustees were without power to sell the leaseholds. This leasehold could not have been sold without the consent of the plaintiff as executor and trustee, and it is manifest that in joining in the sale she understood that she and her daughter were protected by the former decision, and that their relative rights would remain unaffected by the sale. The remaindermen did not oppose her contentions in the former action, nor have they opposed them in this action If the

decision from which the appeal is taken, which sustains the contention of the trust company, were sustained, it would work a great injustice to the appellants, but it would still be within the power of the plaintiff to prevent the trust company from carrying into effect its purpose of holding the proceeds of the sale of the leasehold for the remaindermen, by directing that all of the estate be delivered to her daughter, or by requiring that such proceeds be delivered to her as the will authorized her to take $100,000 of the principal if she so elected; but, as we construed the will before and as we construe it now, it is unnecessary for her to resort to those remedies. We hold that the power of sale could be exercised only for the benefit of the appellants, and that the proceeds of the sale should be deemed to be held in the place and stead of the leasehold.

The trust company contends that in any event the appellants should receive no more than they would have received if the leasehold had not been sold, and that at most only the rental of $13,000 should be paid semi-annually, first from the income of the $100,000, and then from principal, and that after the expiration of the term of the leasehold, if either appellant shall be living, she should be confined to the income of the remaining proceeds of the sale of the leasehold. We agree with that contention.

These views require the reversal of conclusions of law numbered first, second, third, fourth, sixth and seventh, and of the judgment, except with respect to costs, and appropriate conclusions of law and judgment for appellants, together with costs of the appeal to appellants payable out of the estate.

INGRAHAM, P. J., McLAUGHLIN, DOWLING and HOTCHKISS, JJ., concurred.

Judgment reversed, except as to costs, and judgment directed for appellants as stated in opinion, with costs to appellants payable out of the estate. Order to be settled on notice.